**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLIFFORD HIGGINBOTHAM** | **CIVIL ACTION** |
| **versus** | **NO. 10-1130** |
| **ROBERT C. TANNER, WARDEN** | **SECTION: "B" (3)** |

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Clifford Higginbotham, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana. On October 24, 2003, he pleaded guilty to attempted second degree murder and aggravated burglary in violation of Louisiana law.[1] On that same date, he was sentenced on each count to a term of twenty-seven years imprisonment. It was

[1] Rec. Doc. 1, pp. 78-87 (transcript of October 24, 2003); State Rec., Vol. I of III, minute entry dated October 24, 2003; State Rec., Vol. I of III, guilty plea form.

ordered that those sentences be served concurrently and that the sentence for the attempted second degree murder conviction be served without benefit of probation, parole, or suspension of sentence.[2]

On October 19, 2006, petitioner filed with the state district court a "Motion to Vacate Illegal Sentence/Withdraw Unconstitutional Plea."[3] That motion was denied on October 30, 2006.[4] His related writ application was then denied by the Louisiana Fourth Circuit Court of Appeal on January 17, 2007.[5]

On September 12, 2008, petitioner filed with the state district court a "Writ of Habeas Corpus."[6] When the court failed to rule on that filing, petitioner filed a "Writ of Mandamus" with the Louisiana Fourth Circuit of Appeal. The Court of Appeal denied that application on December 29, 2008,[7] and the Louisiana Supreme Court likewise denied relief on November 20, 2009.[8]

On April 6, 2010, petitioner filed the instant application for *habeas corpus* relief. In support of his application, he claims that he was denied his right to appeal and that his sentence is

---

[2] State Rec., Vol. I of III, minute entry dated October 24, 2003.

[3] State Rec., Vol. III of III.

[4] State Rec., Vol. III of III, Judgment dated October 30, 2006.

[5] State v. Higginbotham, No. 2006-K-1578 (La. App. 4th Cir. Jan. 17, 2007) (unpublished); State Rec., Vol. III of III.

[6] State Rec., Vol. III of III.

[7] State v. Higginbotham, No. 2008-K-1407 (La. App. 4th Cir. Dec. 29, 2008) (unpublished); State Rec., Vol. III of III. On December 1, 2008, while that application was pending, petitioner also returned to the state district court to file a "Motion to Amend or Modify Sentence," which was denied on December 11, 2008. Rec. Doc. 1, pp. 37-40.

[8] State *ex rel.* Higginbotham v. State, 25 So. 3d 791 (La. 2009) (No. 2009-KH-0305); State Rec., Vol. III of III.

illegal. The state argues that petitioner's federal application is untimely. For the following reasons, it is evident that the state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[9]

As noted, on October 24, 2003, petitioner pleaded guilty and was sentenced. Because he did not file a direct appeal within the thirty days allowed by state law, his convictions and sentences became final no later than November 24, 2003.[10] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect to his state criminal judgments commenced on that date and expired one year later on November 24, 2004,[11] unless that deadline was extended through tolling.

---

[9] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

[10] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La.C.Cr.P. 914. In this case, the thirtieth day of that period fell on a Sunday, and, therefore, petitioner had until Monday, November 24, to file an appeal. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

[11] The Court is aware that, because the year 2004 was a leap year, the three-hundred-sixty-fifth day of petitioner's one-year period was November 23, 2004. However, courts have held that it is the "anniversary date" on which the AEDPA's statute of limitations expires, regardless of the existence of an additional day due to a leap year. See, e.g., United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); Zeno v. Louisiana, Civ. Action No. 06-4096, 2009 WL 3190461, at *3 n.17 (E.D. La. Sept. 30, 2009). Out of an abundance of caution, this Court will follow that rule in this opinion and give petitioner the benefit of that additional day.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, because petitioner had no such applications pending at any time from November 24, 2003, through November 24, 2004,[12] he is not entitled to statutory tolling.

The United States Supreme Court recently held that the AEDPA's limitations period is also subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and

[12] Petitioner's only state court filing during this period petitioner was a motion for copies of the plea transcript and other documents. State Rec., Vol. I of III. However, motions seeking production of transcripts or documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

The Court also notes that petitioner filed with the state district court a "Motion to Vacate Illegal Sentence/Withdraw Unconstitutional Plea" on October 19, 2006, a state *habeas corpus* petition on September 12, 2008, and a "Motion to Amend or Modify Sentence"on December 1, 2008. However, because those applications were filed *after* the expiration of the statute of limitations, they have no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is not entitled to either statutory or equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before November 24, 2004, in order to be timely. Because his federal application was not filed until April 6, 2010,[13] it is untimely.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Clifford Higginbotham** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

---

[13] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on April 6, 2010; therefore, that it the earliest date it could have been submitted to prison officials for mailing.

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

New Orleans, Louisiana, this fifth day of October, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**