UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLIFFORD HIGGINBOTHAM | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 10-1130 |
| | * | |
| ROBERT C. TANNER, WARDEN | * | SECTION "B"(3) |

ORDER AND REASONS

Petitioner Clifford Higginbotham's objections (Rec. Doc. No. 9) to the October 5, 2010 Report and Recommendation of Magistrate Judge Knowles (Rec. Doc. No. 8) are hereby **OVERRULED**. The Magistrate Judges' Report and Recommendations are hereby **ADOPTED** as the Court's opinion.

**IT IS ORDERED** that the instant § 2254 petition be **DISMISSED WITH PREJUDICE** as untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this case. The AEDPA requires a petitioner to bring his application for a writ of *habeas corpus* within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). Conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914. Weekends and legal holidays are not included in a calculation of periods less than seven days. La. Code Crim. P. art 13.

Petitioner plead guilty and was sentenced on October 24, 2003.[1] He failed to file a timely motion to appeal his conviction and sentence. Petitioner's convictions and sentences became final no later than November 24, 2003.[2] Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period in which Petitioner could file a timely application for federal *habeas corpus* relief with respect to his

---

[1]According to documents provided by Petitioner, the record shows that the trial judge fully informed Petitioner of his constitutional rights and consequences of pleading guilty in the presence of Petitioner's defense counsel. (Rec. Doc. No. 1, at 79-86). While not germane to the current issue, the following facts of Petitioner's guilty plea and sentencing shed light on his claim that he was not competent at conviction and sentencing and therefore did not knowingly and intelligently waive his rights: The trial judge informed Petitioner that the charges filed against him amounted to felonies, specifying the sentencing range for each offense charged. (Rec. Doc. No. 1, at 79-80). Petitioner was also informed of his right to trial by judge or jury, the presumption of innocence until proven guilty beyond a reasonable doubt, his right to confront the prosecution's witnesses, his right to testify or to remain silent during trial with notification that his silence would not be held against him or used as evidence of his guilt, his right to present witnesses in his defense, his right to appeal any verdict of guilty that might be returned against him during his trial, and his right to appointed counsel. *Id*. at 80-83. Petitioner responded in the affirmative to the trial judge asking if Petitioner understood all of these notifications, thereby evincing his understanding of his rights. *Id*. The trial judge also notified Petitioner that if Petitioner wished to stop the plea of guilty, he could do so. *Id*. Additionally, Petitioner was told that if he had any question about the rights read to him, he could ask the judge to clarify and the judge would at that point answer any question that Petitioner may have had.

The trial judge then notified Petitioner that Petitioner's sentence amounted to twenty-seven years in the Department of Corrections, and that the sentence was imposed with no benefit of probation or parole as to the charge of attempted second degree murder. *Id*. at 83. Petitioner responded that he understood this sentence. *Id*. Next, the trial court asked Petitioner whether he was satisfied with how Petitioner's defense counsel and the court handled his case, to which Petitioner responded in the affirmative. *Id*. Petitioner then stated that no one forced, coerced, or threatened him into entering his guilty plea and that he waived his constitutional rights by signing the "plea of guilty form" after having reviewed the form with defense counsel. *Id*. at 84. Petitioner stated that he had no questions pertaining to the form or to the course of proceedings at all stages in his criminal trial. *Id*. at 84-85. Finally, Petitioner acknowledged that he pleaded guilty because he committed the crimes charged against him and pleaded as such without receiving promises to induce his pleading. *Id*. at 85.

[2]As noted by the Magistrate Judge, the thirtieth day of the thirty day period in which Petitioner had the opportunity to timely file his appeal fell on a Sunday; therefore, Petitioner had until Monday, November 24 to file an appeal.

state criminal judgments commenced on October 24, 2003 and, after the thirty-day period allowed for Petitioner to file for state appellate review of his conviction and sentence, expired one year later on November 24, 2004.[3]

However, tolling of the limitations period, whether statutory under the AEDPA or equitable under *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010), can allow Petitioner to maintain his writ of *habeas corpus* application.  "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id*. at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Henderson v. Thaler*, 626 F.3d 773, 779 (5th Cir. 2010); *see also Watts v. Brewer*, No. 10-60242, 416 Fed.Appx. 425 (5th Cir. 2011) (unpublished).  A district court's denial of equitable tolling is reviewed for abuse of discretion.  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

A.   *Statutory Tolling*

In regards to statutory tolling, the AEDPA provides that the

---

[3]Petitioner's date sequence presents another anomaly in regards to the expiration date of the limitations period.  The Magistrate Judge notes that because 2004 was a "leap year," the three-hundred-sixty-fifth day of Petitioner's one-year period was November 23, 2004.  The Magistrate Judge addresses this issue thoroughly, writing that "courts have held that the 'anniversary date' on whcih the AEDPA's statute of limitations expires, regardless of the existence of an additional day due to a leap year."  *See, e.g., United States v. Hurst*, 322 F.3 1256 (10th Cir. 2003); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Zeno v. Louisiana*, Civ. Action No. 06-4096, 2009 WL 3190461, at *3, n.17 (E.D. La. Sept. 30, 2009).

limitations period is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  To this end, Petitioner's only state court filing during this period was a motion for copies of the plea transcript and other documents. (Rec. Doc. No. 9-1, at 7).  However, as noted by the Magistrate Judge, these documents are only "preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence" and motions for production of such documents are not "considered applications for state post-conviction relief or other collateral review for tolling purposes." (Rec. Doc. No. 8, at 4).[4]

Petitioner also filed additional motions with state courts after his conviction.  These motions include a "Motion to Vacate Illegal Sentence/Withdraw Unconstitutional Plea" filed with the state district court on October 19, 2006 (nearly three years after he pleaded guilty)[5], a state *habeas corpus* petition on September

---

[4](*citing Parker v. Cain*, Civ. Action No. 02-0250, 2002 WL 922383, at *2, n.22 (E.D. La. May 1, 2002), *certificate of appealability denied*, No. 03-30107 (5th Cir. June 23, 2003); *Boyd v. Ward*, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), *certificate of appealability denied*, No. 01-30651 (5th Cir. Aug. 22, 2001).

[5]La. Code Crim. P. art. 930.8 requires a post-conviction application to be filed within two years of the finality of the complained-of conviction, barring certain extenuating circumstances not at issue in the instant case.  The fact that the trial judge presiding over Petitioner's plea and sentencing clearly notified Petitioner of the existence of La. Code Crim. P. art 930.8, as required by La. Code Crim. P. 930.8(C), and Petitioner acknowledged that he understood the implications of the rule and its prescriptive period.

4

12, 2008 (nearly five years after he pleaded guilty), and a "Motion to Amend or Modify Sentence" on December 1, 2008 (again, over five years after he pleaded guilty).  Petitioner filed these motions after the expiration of the statute of limitations, thus they have no bearing on the timeliness of Petitioner's federal application. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).[6]

Therefore, as Petitioner had no applications for state-post conviction relief or other collateral review attacking a conviction or sentence pending at any time from November 24, 2003 through November 24, 2004, he is not entitled to statutory tolling.

B.  *Equitable Tolling*

The United States Supreme Court has held that the AEDPA's limitation period is also subject to equitable tolling.  *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  Under *Holland*, a "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id*. at 2652 (internal quotations omitted) (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The Fifth Circuit has held that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances."  *Davis v. Johnson*, 158 F3d 806, 811 (5th Cir. 1998).  A petitioner bears the burden of proof

---

[6]*See also Magee v. Cain*, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), *aff'd*, 253 F.3d 702 (5th Cir. 2001); *Williams v. Cain*, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

to establish entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Such a circumstance exists where the petitioner is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "Delays of the petitioner's own making" do not qualify as external factors beyond the control of the petitioner. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). However, along with showing the existence of rare and exceptional circumstances, a petitioner must diligently pursue his § 2244 relief. *Brown v. Johnson*, Civ. Action No. 99-20299, 2000 WL 1741617 (5th Cir. 2000).

At least one court has allowed a petitioner an evidentiary hearing in order to determine whether the petitioner's mental illness prevented him from timely filing a petition for a writ of *habeas corpus*. *Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003). In *Laws*, the Ninth Circuit stated that a "putative habeas petitioner's mental incompetency is a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control, so mental incompetency justifies equitable tolling of the AEDPA statute of limitations." *Id.* at 923 (internal quotations omitted) (*citing Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998)). The petitioner in *Laws* made more than conclusory allegations regarding his mental illness, instead the petitioner

provided psychiatric and medical records from the time of his conviction and sentencing to assert that his delay in filing was "attributable to psychiatric medication which deprived [him] of any kind of consciousness." *Id*. at 921 (internal quotations omitted, original alterations omitted).

Similar to the issue now before the court, Laws's mental competency was raised before his criminal trial, with expert testimony regarding Laws's competency. *Id*. After expert testimony, the trial court hearing Laws's criminal case determined only that Laws was competent "for the present at least." *Id*. The petitioner in *Laws* first filed a state habeas petition over four years after the time at which his sentence became final. *Id*. When Laws finally sought habeas relief, he alleged that, because of his competence issues, he was "deprived of any kind of consciousness" during the period between his sentence becoming final and filing for habeas relief. *Id*.

Thus, the Ninth Circuit held that the district court abused its discretion in dismissing with prejudice Laws's petition without ordering the development of the factual record regarding Laws's eligibility for equitable tolling. *Id*. at 923. Unpersuaded by the fact that the trial court presiding over the petitioner's criminal case found the petitioner competent to stand trial, the Ninth Circuit held that determination did not address the petitioner's competence during the interim period leading up to his filing for

7

habeas.  *Id*.

The Fifth Circuit has noted that the existence of a mental illness could equitably toll AEDPA's statute of limitations. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).[7]  However, addressing similar issues to those in the case sub judice, the Fifth Circuit declined to extend the holding in *Laws*.  *Smith v. Kelly*, Civ. Action No. 07-60276, 2008 WL 5155222 (5th Cir. 2008). In *Smith*, the district court denied equitable tolling because it found that the petitioner did not address his mental illness until after the one-year limitation period began and that the petitioner failed to "show that he diligently pursued collateral challenges to his conviction to actually warrant the benefit of tolling." *Id*. at p. **2.  In reaching this holding, the court found that the petitioner was articulate and able to file certain other pleadings during the limitations period but exhibited tardiness and delay in applying for *habeas corpus*.  *Id*.  These characteristics of the petitioner, the court concluded, could not lead to a finding that the petitioner diligently pursued relief under 28 U.S.C. § 2254.

The appellate court agreed with the lower court's findings and

---

[7]In the *Fisher opinion*, the court stated that a brief period of mental incapacity that prevents a petitioner from being able to diligently pursue his legal rights does not automatically warrant equitable tolling. 174 F.3d at 715. In *Fisher*, the "brief period" lasted for 17 days, which, the court noted, still allowed the petitioner ample time after he was returned to his normal quarters from the psychiatric ward to successfully pursue his writ application. *Id*. The court did state, however, that if the period of psychiatric confinement occurred closer to the petitioner's deadline for filing the writ the court would be more inclined to grant equitable tolling. *Id*.

contraposed the petitioner in *Smith* to the one in *Laws*. *Smith*, at pp. **2-4. The appellate court also found that the petitioner only made "conclusory allegations regarding his mental illness" without showing that because of his mental illness or incompetency he was unable to manage his legal affairs. *Id*. at p. **3. Further, the court noted that the petitioner "first asserted his mental illness only in response to the State's motion to dismiss the petition as time-barred." *Id*. But, because the limitations period imposed by the AEDPA is an affirmative defense, *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), a habeas petitioner has a "reasonable opportunity to argue against" the defense before the court can find the petition is time-barred. *Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000). In *Smith*, the intermediate court nevertheless concluded that the district court may consider the petitioner's delay in raising mental illness. 2008 WL 5155222 at p. **3. The court thus found the fact that the petitioner failed to explain his delay in filing his petition in an untimely manner on the form provided for prisoners to submit federal habeas petitions as a persuasive indication that the petitioner was not diligent in pursuing his rights. *Id*.

Here, Petitioner asserts that due to his issues with mental illness which prevented him from exercising due diligence in filing his application for federal *habeas*, he is entitled to equitable tolling. Like the petitioner in *Laws*, the current petitioner's

9

mental condition was an issue raised before his criminal trial. (Rec. Doc. No. 9-1, at 2). However, unlike the petitioner in *Laws*, who was found competent "for the present at least," the current petitioner was found competent to stand trial six months after his original lunacy hearing with no similar reservation given. (Rec. Doc. No. 9-1, at 4).

Further, the current Petitioner failed to address how his mental illness interfered with his ability to assert his federal *habeas* rights in a timely manner when he finally applied for *habeas* relief. (Rec. Doc. No. 1, pages 4, 12-28). This feature distinguishes the current action even further from the issue presented by *Laws* and aligns it more with the issue presented in *Smith*. Aside from Petitioner's competency being an issue at the beginning of his criminal trial, Petitioner failed to mention that he may currently suffer from mental illness until he filed his objections with the current court. (Rec. Doc. No. 9).

While the Ninth Circuit in *Laws* found that a declaration of competency to stand trial does not indicate that a petitioner was competent during the limitations period, the court reached its holding on different facts than those presented here. Unlike the petitioner in *Laws*, who failed to initiate any legal proceeding during the four years after his sentence became final, the record indicates that the current Petitioner attempted to initiate legal proceedings on March 10, 2004, less than five months after his

sentence became final. (Rec. Doc. No. 9-1, at 7). According to letters written in March and May of 2004, Petitioner attempted to obtain the record documents pertaining to his criminal trial[8] to no avail. Petitioner reasons that his document requests could have led to production of documents beneficial to his pursuit of post conviction relief within a stipulated state limitations period. (Rec. Doc. No. 9-1, at 7). This evidences Petitioner's cognizance of the existence of limitation periods and that Petitioner could legibly and coherently articulate his arguments.

Further, since May 15, 2004, and thus after Petitioner's sentence became final, the record shows that the Petitioner has continually filed and mailed various letters and instituted numerous proceedings throughout the interim years. Petitioner's actions exhibit an ability to comprehend legal jargon and processes and thoughtfully present arguments anchored on legal principles in each mailing and/or filing. The issue presented in *Laws* is thus entirely distinct from the one presented in the instant case.

As a final matter, Petitioner has provided the court with a December 7, 2010 letter from Kim Warner of the Rayburn Correctional

---

[8] The Petitioner has become obsessive about this issue. He claims that since various state agencies have been unable to locate the files pertaining to his criminal conviction, the records do not exist. Thus, he argues, the prosecutor leveraged the petitioner into pleading guilty for the crimes despite the nonexistence of evidence.

Center indicating that Petitioner is currently being treated by "Mental Health" and is currently prescribed Haldol for the mental illness. (Rec. Doc. No. 10, at 2). While this letter shows that Petitioner suffered from mental illness on or around the date of the letter, it fails to show that Petitioner suffered from mental illness during the limitations period. Aside from the records showing Petitioner's competence in the time leading up to his criminal trial, this letter provides the only other factual evidence of Petitioner's mental state. Yet the letter does not indicate that Petitioner was unable to meet the limitations periods during the relevant time period due to a mental illnes.

### *Conclusion*

Petitioner failed to diligently pursue his action for relief. Additionally, as addressed above, Petitioner's argument finds no support in the record. Equitable tolling should not apply here as Petitioner fails to show that he suffered from mental illness that affected his competence to pursue *habeas corpus* relief during the limitations period. Thus, Petitioner has not demonstrated "a rare and exceptional occurrence warranting the doctrine" of equitable tolling, *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002), by showing that he was "prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Instead, the record indicates that the delays were of Petitioner's own making and "do not qualify as external factors

beyond the control of the petitioner." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).  Accordingly, because Petitioner has failed to show that his case merits equitable tolling, the instant § 2254 petition must be dismissed.

New Orleans Louisiana, this 29TH day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE